T.C. Summary Opinion 2015-58

UNITED STATES TAX COURT

LINDA S. SPJUTE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15048-10S.                    Filed September 21, 2015.

<u>Perry D. Popovich</u>, for petitioner.

<u>Daniel J. Bryant</u> and <u>Jeffery D. Rice</u>, for respondent.

SUMMARY OPINION

MARVEL, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the year at issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.  Some monetary amounts are
rounded.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $14,326 income tax deficiency and a $2,865 accuracy-related penalty under section 6662(a) and (b)(1) with respect to petitioner's 2007 taxable year. After concessions[2] the issues for decision are (1) whether petitioner is entitled to deduct certain unreimbursed employee business expenses that she reported on Schedule A of her Form 1040, U.S. Individual Income Tax Return, for 2007 (2007 return) in excess of amounts that respondent conceded; (2) whether petitioner is entitled to deductions that she claimed with respect to an Internet business activity on Schedule C of her 2007 return in excess of amounts that respondent conceded; and (3) whether petitioner is liable for an accuracy-related penalty under section 6662(a) and (b)(1).

---

[2]Respondent conceded that petitioner is entitled to (1) a dependency exemption deduction with respect to her live-in boyfriend; (2) an interest expense deduction of $74,711 claimed on Schedule A, Itemized Deductions; (3) part of the Schedule A unreimbursed employee business expense deduction comprising expenses for vehicles of $4,850, union and professional dues of $120, uniforms and protective clothing of $417, education of $307, a cell phone of $295, and supplies of $738; and (4) certain business expense deductions claimed on Schedule C, Profit or Loss From Business, comprising legal and professional fees of $1,460, office expenses of $400, and supplies expenses of $730. Petitioner conceded that she is not entitled to a Schedule C depreciation expense deduction.

## Background

Some of the facts have been stipulated and are so found. The stipulated facts are incorporated herein by this reference. Petitioner resided in California when she petitioned this Court.

Petitioner is a registered nurse. During 2007 she worked for ATC Health Care (ATC) and Medical Staffing Network (MSN) as a teaching nurse. ATC and MSN were staffing agencies that assigned petitioner to various hospitals where she performed her duties as a teaching nurse. Petitioner's job entailed going to the assigned hospital and putting on simulations in a classroom setting to educate nurses on different tasks. For each day that she had a teaching assignment, petitioner drove first to either ATC's or MSN's office and then to the assigned hospital. At the end of the day petitioner drove back to the appropriate office to turn in her timecard.

Petitioner testified that she kept contemporaneous records of her trips to and from her various worksites by maintaining a calendar and an appointment book. However, she did not offer the calendar or the appointment book into evidence. Instead, sometime during the audit of her 2007 return, petitioner prepared a log (reconstructed log) that purportedly summarized the calendar and appointment book, which she offered into evidence at trial. With the exception of handwritten

totals on the reconstructed log, which were excluded, the reconstructed log was admitted into evidence without objection. The reconstructed log included information regarding petitioner's job assignments during 2007 and mileage estimates for her trips to and from her employers' offices and to and from her jobsites as well as odometer readings.[3]

The reconstructed log purported to show, consistent with petitioner's testimony at trial, that she worked for both ATC and MSN for the entire 2007 calendar year. However, petitioner did not start working for ATC until October 2007.

During 2007 ATC had a standard reimbursement policy for teaching nurses with respect to certain expenses, but it did not authorize any reimbursement for business mileage resulting from the use by its employees of personal vehicles to travel to jobsites barring special circumstances not applicable here. The record does not disclose whether for 2007 MSN had a reimbursement policy covering the travel expenses of its teaching nurses.

During 2007 petitioner's boyfriend, Randolph Richardson, resided with her and she supported him. Mr. Richardson engaged in an Internet business activity

---

[3]Petitioner testified that she arrived at the mileage numbers in the log by taking the odometer reading at the time she sold the car and then working back from that number.

during 2007, the nature of which is not clear from the record. Because petitioner assisted in the Internet business activity and funded it, she reported income and expenses allegedly incurred in operating it on Schedule C of her 2007 return. Petitioner and Mr. Richardson conducted the Internet business activity out of petitioner's house. The Internet business activity had gross income of $3,500 for 2007.

Neither Mr. Richardson[4] nor petitioner kept contemporaneous business records with respect to the Internet business activity. Petitioner did not substantiate the Schedule C business expenses that remain in dispute, with the exception of certain fees for business consulting services that petitioner paid by check to three different consultants: Steve Sirman, Brian Schaeffer, and Mark Richardson. Steve Sirman helped Mr. Richardson with software development, Brian Schaeffer helped Mr. Richardson with hardware development, and Mark Richardson helped Mr. Richardson with the Internet business activity overall.[5]

During most of 2007 petitioner resided in a house on Acacia Street (Acacia house). In 2007 petitioner purchased another house on Birch Avenue (Birch

[4]Mr. Richardson died sometime in November 2011 and thus was not available to testify at trial.

[5]Respondent conceded that petitioner may deduct $1,460 paid to Mr. Sirman.

house). Petitioner purchased the Birch house with the intent to convert it into an elder care facility, but the conversion did not occur. Sometime in 2007, after petitioner lost the Acacia house to foreclosure, she moved into the Birch house.

Petitioner hired a tax return preparer to prepare her 2007 return. On her 2007 return petitioner reported wages of $175,750. On the Schedule C petitioner reported gross receipts of $3,500, total expenses of $21,381, and a net loss of $17,881.[6]

Respondent issued a notice of deficiency dated March 30, 2010, disallowing, among other items, petitioner's Schedule A deduction for unreimbursed employee business expenses and all of her claimed Schedule C deductions. Respondent also determined that petitioner was liable for an accuracy-related penalty under section 6662(a) and (b)(1). Petitioner filed a timely petition in this Court. Subsequently, petitioner filed a bankruptcy petition with the U.S. Bankruptcy Court for the Eastern District of California. The bankruptcy court entered an order dated April 5, 2013, granting petitioner a

---

[6]Petitioner's counsel prepared for petitioner a second Form 1040, dated September 21, 2014, with respect to her 2007 taxable year. Petitioner, however, did not sign or file the second return with the Internal Revenue Service, nor was it ever processed as a return. The return, which had a Schedule C for the Internet business activity that reported gross receipts of $3,500, total business expenses of $9,170, and a net loss of $5,670, was admitted into evidence at trial solely to reflect petitioner's trial position.

discharge under section 727 of the Bankruptcy Code and, by order dated May 20, 2013, closed the bankruptcy case.

Discussion

I.    Burden of Proof

Generally, the taxpayer bears the burden of proving his or her entitlement to any claimed deduction.  See Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  This includes the burden of substantiation.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), (e), Income Tax Regs.

If a taxpayer produces credible evidence[7] with respect to any factual issue relevant to ascertaining the taxpayer's liability for any tax imposed by subtitle A or B of the Code and satisfies the requirements of section 7491(a)(2), the burden of proof on any such issue shifts to the Commissioner.  See sec. 7491(a)(1).  Petitioner has not alleged that section 7491(a) applies nor established her compliance with the substantiation and recordkeeping requirements.  See sec. 7491(a)(2)(A) and (B).  Petitioner therefore bears the burden of proof.

---

[7]"Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness)."  Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H.R. Conf. Rept. No. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995).

II.     Deductions Generally

Section 162(a) permits a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business.  See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971).  A trade or business expense is ordinary if it is normal or customary within a particular trade, business, or industry, and it is necessary if it is appropriate and helpful for the development of the business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, 290 U.S. 111, 113 (1933).  The term "trade or business" in section 162(a) includes the trade or business of being an employee.  Primuth v. Commissioner, 54 T.C. 374, 377 (1970).

A taxpayer ordinarily must maintain adequate records to substantiate the amounts of his or her income and entitlement to any deductions or credits claimed.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  If, however, a taxpayer with inadequate or nonexistent business records is able to prove that he or she paid or incurred a deductible business expense but does not prove the amount of the expense, we may estimate the amount allowable in some circumstances (Cohan rule).  See Cohan v. Commissioner, 39 F.2d 540, 542-544 (2d Cir. 1930).  The taxpayer must introduce sufficient evidence to permit us to conclude that the taxpayer paid or incurred a deductible expense in at least the amount allowed.  See

Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). In estimating the amount allowable, we bear heavily upon the taxpayer who failed to maintain required records and to substantiate deductions as the Code requires. See Cohan v. Commissioner, 39 F.2d at 544.

For certain kinds of business expenses, section 274(d) overrides the Cohan rule. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Section 274(d) provides that no deduction is allowed with respect to travel, entertainment, and listed property (as defined in section 280F(d)(4)) unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense or item; (2) the time and place of the travel, entertainment, or expense; (3) the business purpose of the entertainment or expense; and (4) the taxpayer's relationship to the person or persons entertained. Section 280F(d)(4) defines listed property as, inter alia, any passenger automobile or any other property used as a means of transportation.

Regulations interpreting the requirement under section 274(d) that travel expenses be substantiated by adequate records generally provide that a taxpayer must maintain an account book, a diary, a log, a statement of expense, trip sheets,

or a similar record prepared contemporaneously with the use or expenditure and documentary evidence (e.g., receipts or bills) of the expenses. See sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). In the absence of adequate records to substantiate an element of an expense, however, the regulations provide that a taxpayer may establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element", and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

III.     Petitioner's Claimed Schedule A Mileage Expense Deduction

After concessions, the remaining issue relating to deductions claimed on petitioner's Schedule A is whether she is entitled to deduct an additional $1,616 of mileage expense that she claimed as part of her unreimbursed employee business expense deduction.[8] The answer is a resounding no.

A taxpayer's cost of commuting between the taxpayer's residence and the taxpayer's place of business or employment generally is a nondeductible personal expense. Secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. However, the cost of

---

[8]Respondent conceded that, of the $6,466 vehicle expense deduction that petitioner claimed, she is entitled to a deduction of $4,850.

going between one business location and another business location is generally deductible under section 162(a). See Heuer v. Commissioner, 32 T.C. 947, 951 (1959), aff'd per curiam, 283 F.2d 865 (5th Cir. 1960). Vehicle expenses that are deducted as business expenses will be disallowed in full unless the taxpayer satisfies the strict substantiation requirements in section 274(d). Sec. 280F(d)(4). Petitioner testified that she maintained contemporary records in the form of an appointment book and a calendar that collectively documented her business mileage for 2007. However, petitioner did not bring those records to the trial. Instead she relied on the reconstructed log that she created during the examination of her 2007 return.

Petitioner testified at length regarding how she prepared the reconstructed log. She testified under oath that she had worked for both ATC and MSN throughout 2007 and carefully explained her work assignments for each employer, including her work assignments for ATC from January through September 2007. Unfortunately for petitioner, the document that ATC provided to her summarizing her work history with ATC shows that she did not start her employment at ATC until October 2007. That document demolished any credibility that petitioner's reconstructed log and her sworn testimony might otherwise have had.

Respondent allowed a substantial amount of petitioner's unreimbursed employee business expense deduction attributable to her vehicle expenses. Petitioner has failed to prove that she is entitled to any additional vehicle expense deduction.

IV.    Petitioner's Claimed Schedule C Deductions

The remaining issues after concessions relating to deductions claimed on the Schedule C are whether petitioner is entitled to the following Schedule C deductions:  (1) utilities expenses of $3,400; (2) car and truck expenses of $1,000; (3) legal and professional services of $2,055; and (4) office expenses of $861.

A.    Utilities Expenses

Petitioner asserts that she is entitled to deduct household utilities expenses of $3,400 for 2007 with respect to a home office.[9]  Generally, expenses of maintaining a household, including amounts paid for water, utilities, and similar expenses, are not deductible.  Sec. 1.262-1(b)(3), Income Tax Regs.  But the prohibition on deductions does not apply to an item of expense properly attributable to a portion of a dwelling that is used "exclusively" and "on a regular

_____

[9]Initially, petitioner deducted $9,687 in utilities expenses on the Schedule C for the Internet business activity.  Respondent disallowed the entire deduction.  At trial petitioner conceded some expenses and is now seeking only a $3,400 utilities expense deduction.

basis" as the principal place of business of the taxpayer's trade or business. See sec. 280A(c); see also Lofstrom v. Commissioner, 125 T.C. 271, 277-278 (2005); sec. 1.262-1(b)(3), Income Tax Regs.

Assuming that a taxpayer has a qualifying trade or business, allowable home office deductions are strictly limited by section 280A. Home office deductions are limited to the amount of gross income from the use of the dwelling for a trade or business, reduced by deductions allocable to the unit regardless of its use as the location of a trade or business, and further reduced by allocable business deductions not related to the use of the unit itself. See sec. 280A(c)(5). Where a portion of a residence is devoted exclusively and on a regular basis to business purposes, the portion of the costs incurred in maintaining the residence which is properly attributable to the space used in the business is a question of fact to be decided in each case. See Feldman v. Commissioner, 84 T.C. 1, 8 (1985), aff'd, 791 F.2d 781 (9th Cir. 1986). In determining the cost attributable to the space used in a business, we ordinarily consider the number of rooms or square footage devoted exclusively to business purposes and the total number of rooms (assuming rooms of approximately equal size) or total square footage and calculate a percentage of business use that we then use to compute the home office deduction. Id.; Rodriguez v. Commissioner, T.C. Memo. 2009-22; Swain v. Commissioner,

T.C. Memo. 1996-22, aff'd without published opinion, 96 F.3d 1439 (4th Cir. 1996). Other methods of allocating costs may be reasonable under the circumstances. Feldman v. Commissioner, 84 T.C. at 8. But the computation of a home office deduction is necessarily dependent on credible evidence regarding the size of the home and of the part of a home used exclusively for business and the total expenses paid by a taxpayer to maintain and operate the home.

Although petitioner testified to the overall square footage of the Acacia house and the Birch house, she did not introduce any credible evidence to prove what parts of these houses were used exclusively for the Internet business activity, if any.[10] Petitioner also did not introduce any credible evidence to prove the total utilities expenses that she paid for each house during 2007 or the dates in 2007 when she and Mr. Richardson resided in each house. Absent such proof, we must reject petitioner's claim for a utilities expense deduction.

Petitioner argued that the use of a ratio calculated on the basis of square footage is not a proper method because the Internet business activity consumed a

_____

[10]The Acacia house was petitioner's primary residence for most of 2007. After the Acacia house was foreclosed upon, the Birch house became petitioner's primary residence.

disproportionate amount of electricity.[11]  Petitioner further testified that 66% to 75% of her 2007 utilities expenses was attributable to the Internet business activity.  In support of her argument petitioner testified that her utilities expense decreased from $500 a month to $50 a month after the Internet business activity ended.

Petitioner did not introduce into evidence utility bills sufficient to document the total amount of her utilities expenses during 2007 or any alleged reduction in monthly utilities expenses after the Internet business activity ended.  Absent such substantiation, we do not find petitioner's testimony credible.  Even assuming, however, that we were to find petitioner's unsubstantiated testimony regarding her 2007 utilities expenses to be credible, she failed to prove that she was entitled to a home office utilities expense deduction in any event.  It also appears that any such deduction, even if proven, must be disallowed pursuant to the section 280A(c)(5) limitation.[12]

---

[11]Although her argument is not entirely clear, petitioner seems to suggest that the more appropriate allocation method is comparing electricity use at the time the business was operating with the electricity use once the business was no longer operating.

[12]The Internet business activity had gross income of $3,500 for 2007.  The qualifying mortgage interest and real estate taxes exceeded the amount of gross income derived from the business.  Because the amount of petitioner's gross

(continued...)

B.    Car and Truck Expenses

Petitioner claimed a deduction of $1,000 for car and truck expenses related to the Internet business but failed to substantiate the expenses.  Neither Mr. Richardson nor petitioner kept any records for the Internet business activity.  No deduction for vehicle expenses is allowed when the taxpayer fails to meet the stringent substantiation requirements of section 274(d).  Accordingly, we sustain respondent's determination.

C.    Legal and Professional Services

Petitioner claimed a deduction of $6,575 for legal and professional services expenses on her 2007 return but later conceded all but $2,055 of the claimed deduction on the second Schedule C.  See supra note 5.  Respondent conceded that petitioner is entitled to a deduction of $1,460 for Schedule C legal and professional services provided by Steve Sirman.[13]  At trial petitioner produced

---

[12](...continued)
income derived from the home office reduced by the interest deductions is less than zero, she is precluded by sec. 280A(c)(5) from deducting any home office expenses with respect to the Internet business for 2007.  See McClellan v. Commissioner, T.C. Memo. 2014-257, at *33-*34.

[13]The record contains copies of checks made out to an individual simply identified as "Steve".  Petitioner did not produce credible evidence proving that these checks were in payment for Mr. Sirman's services, and she is not entitled to deduct reported expenses for Mr. Sirman's services in an amount greater than the

(continued...)

bank account statements that included copies of checks written to two other individuals who she claimed provided consulting services to Mr. Richardson in connection with the Internet business activity totaling $380. On the basis of the bank account statements and petitioner's testimony at trial, which on this point we find credible, we find that she has substantiated that she paid additional professional expenses of $380 with respect to the Internet business activity and is entitled to an additional deduction in that amount.

D.    Office Expenses

Petitioner contends that she is entitled to a deduction of $1,261 for office expenses for 2007 with respect to the Internet business activity. Respondent conceded that petitioner is entitled to an office expense deduction of only $400. We agree with respondent because petitioner failed to substantiate that she paid office expenses for the Internet business activity in excess of the amount that respondent allowed.

Petitioner contends that certain entries in her checking account statements prove that she paid more than $400 of office expenses for the Internet business activity. Petitioner testified that the entries from the point of sale "396 West

[13](...continued)
$1,460 that respondent allowed.

Ashlan Ave." were related to the Internet business activity because that was the address for the Office Depot that Mr. Richardson frequented to make purchases for the business. She further testified that certain other items on the statements were payments to alleged vendors for their products. Petitioner, however, did not retain any invoices or any other documents to prove the items purchased or their connection to the business activity, nor did she introduce sufficient evidence to provide a basis for making an estimate in excess of the amount that respondent already allowed. See Cohan v. Commissioner, 39 F.2d at 543-544. We find that petitioner is not entitled to an office expense deduction in excess of that conceded by respondent.

V.      Accuracy-Related Penalty

Section 6662(a) and (b)(1) authorizes the Commissioner to impose a 20% penalty on an underpayment of tax that is attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard. See sec. 6662(c); sec. 1.6662-3(b)(1) and (2), Income Tax Regs. "'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly." Sec. 1.6662-3(b)(1), Income Tax Regs.

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which the taxpayer shows that there was reasonable cause and that he or she acted in good faith. See sec. 6664(c)(1). The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id. Reliance on a tax professional demonstrates reasonable cause when a taxpayer (1) selects a competent tax adviser, (2) supplies the adviser with all relevant information, and (3) relies in good faith on the adviser's professional judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

The Commissioner bears the burden of production with respect to the taxpayer's liability for the section 6662(a) penalty and must produce sufficient evidence indicating that it is appropriate to impose the penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive

evidence that the Commissioner's determination is incorrect or that the taxpayer had reasonable cause or substantial authority for the position. See Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent met his burden of production by establishing, among other facts, that petitioner did not maintain sufficient records to substantiate the deductions that she claimed on her 2007 return and that the reconstructed log she introduced into evidence to substantiate her Schedule A employee business expense deduction for vehicle expenses was demonstrably false. Petitioner failed to introduce persuasive evidence to the contrary. The disallowed deductions in this case are directly attributable to petitioner's failure to maintain adequate records to substantiate her claimed Schedule A unreimbursed business expense deduction and the Schedule C business expense deductions claimed for her and Mr. Richardson's Internet business activity and to comply with applicable regulations. Petitioner has not proven that she had reasonable cause for her failure to maintain adequate business records to substantiate her claimed deductions. Although petitioner used a professional tax return preparer to prepare her 2007 return, the record shows that the tax return preparer relied on petitioner's unsubstantiated summary of her Internet business activity expenses and her unsubstantiated claim regarding her employee vehicle expenses. See Neonatology

Assocs., P.A. v. Commissioner, 115 T.C. at 99.  We sustain respondent's imposition of the accuracy-related penalty under section 6662(a) and (b)(1).

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing and the parties' concessions,

Decision will be entered

under Rule 155.